UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LISETT PENA-FONT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00135-SEB-KMB |
| | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| SAMUEL OLSON, | ) | |
| TODD M. LYONS, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Lisett Pena-Font is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 17, 2026, and is detained at the Clark County Detention Center in Jeffersonville, Indiana. Dkt. 1; dkt. 6-1 at 5. Ms. Pena-Font now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 12-13.

Ms. Pena-Font also filed a motion for leave to file a reply, dkt. 9, which the Court construes as a motion for belated extension of time. As the motion is unopposed, the Court grants the motion and considers the arguments in the reply. *See* dkt. 10.

For the reasons discussed, the Court grants the petition and orders Respondents to either afford Ms. Pena-Font a bond hearing or release her from custody.

### I.    Background

Ms. Pena-Font is a citizen of Cuba. She came to the United States without inspection in October 2022 via the Rio Grande Valley in Texas. Dkt. 1. Shortly after arriving, she encountered

border patrol agents, who issued a Notice to Appear for removal proceedings and released her into the United States on her own recognizance. Dkt. 6-1 at 5.

Her first encounter with ICE occurred in March 2026 after she was arrested by local police in Louisville, Kentucky, for a traffic offense. Dkt. 1 at ¶ 6; dkt. 6-1 at 2. An I-200 warrant (Warrant for Arrest of Alien) was issued and later served on March 17, 2026. Dkt. 6-1 at 7. Ms. Pena-Font was taken to the Clark County Detention Center where she is being held without bond. *Id.*; dkt. 1.

Ms. Pena-Font's removal proceedings are currently pending. The Notice to Appear charges Ms. Pena-Font with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled." Dkt. 6-1 at 1. The "arriving alien" checkbox is unmarked. *Id.* The immigration warrant, issued on March 17, 2026, explicitly authorized her detention under § 1226 (§ 236 of the INA). *Id.* at 7.

## II.    Discussion

Ms. Pena-Font claims that her current detention violates the INA (8 U.S.C. § 1226) because she has been denied access to an individualized bond hearing. Dkt. 1 at 12. She also claims her detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 13. Respondents argue that Ms. Pena-Font is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that 8 U.S.C. § 1226(a) does not apply to her. Dkt. 6 at 1, 3-7. They argue in the alternative that, if the Court were to find § 1226(a) applicable to Ms. Pena-Font, the appropriate remedy would be to order a bond hearing. *Id.* at 15.

The Court finds that Ms. Pena-Font's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Ms. Pena-Font is entitled to habeas corpus relief on this ground, the Court does not address her due process challenge. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding

2

unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a).

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure her release if she can convince the officer or immigration judge that she poses no

3

flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that she or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*,

24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Ms. Pena-Font Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Ms. Pena-Font is eligible for a bond hearing under § 1226(a). She arrived in the United States in 2022 without inspection and without parole. She subsequently

moved to the interior of the United States where she was served with an administrative arrest warrant by ICE. The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Pena-Font who live in the interior of the United States for years. *See Alejandro v. Olson*, 817 F. Supp. 3d 672, 677 (S.D. Ind. 2025); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro*, 817 F. Supp. 3d at 677.

Respondents reassert the same argument previously advanced in those cases mentioned above and maintain that § 1225(b)(2)(A) controls because, as they argue, Ms. Pena-Font is "applicant for admission" into the United States. Dkt. 6 at 1, 4-6. Their position is supported primarily by out-of-circuit cases that are familiar to the Court. *See id.* at 8-13 (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

While the Seventh Circuit has not definitively ruled on the subject yet, the court in *Castañon-Nava v. U.S. Dep't of Homeland Sec.* determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established

canons of statutory interpretation. 161 F.4th 1048 (7th Cir. 2025). This is a decision that carries persuasive authority due to its procedural posture,[1] which reaffirms the Court's prior decisions where it applied the same established canons of statutory interpretation to facts analogous to those here.

Furthermore, the reasoning in *Castañon-Nava* was adopted by the Second Circuit in *Barbosa da Cunha v. Freden*, when it explicitly rejected the government's contention that § 1225 controls for immigrants who are arrested in the interior of the United States and that entered without inspection or admission. *See* 175 F.4th 61, 70-72, 88 (2d Cir. 2026) ("Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive."). The Second Circuit is joined by at least two other circuits. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026), *Lopez-Campos v. Raycraft*, 175 F.4th 713, 725 (6th Cir. 2026).

Moreover, Respondents' legal reasoning cannot be reconciled with the government's treatment of Ms. Pena-Font, *i.e.*, arresting her inside the United States pursuant to an administrative warrant that explicitly authorized her detention under § 1226. *See* dkt. 6-1 (authorizing detention under section 236 of the INA, codified as § 1226). And the Notice to Appear does not state that Ms. Pena-Font is an "arriving alien" and instead lists her as an individual who is "present in the United States." Dkt. 6-1 at 1. Given the government's treatment of Ms. Pena-Font, it cannot

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

plausibly now maintain that she is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release.

Nothing in this case convinces the Court of the need to revisit its prior rulings. And Respondents have not cited any case that convinces the Court the Seventh Circuit will depart from *Castañon-Nava*. The Court rejects Respondents' position and instead relies on *Castañon-Nava* as persuasive. Accordingly, the Court concludes that continued detention without consideration of bond violates the INA and Ms. Pena-Font is entitled to a bond hearing under § 1226(a).

### III.    Scope of Relief

Ms. Pena-Font is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Ms. Pena-Font requests immediate release from custody or, alternatively, an individualized bond hearing. Dkt. 1 at ¶¶ 11, 71. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Ms. Pena-Font's immediate release and instead orders Respondents to provide her with an individualized bond hearing as required by § 1226(a).

### IV.    Conclusion

Ms. Pena-Font's motion for leave to file, dkt. [9], construed as a motion for belated extension of time to file a reply, is **granted**.

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on June 25, 2026**, **Respondents must either**: (1) provide Ms. Pena-Font with an individualized bond hearing before

7

an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Pena-Font from custody, under reasonable conditions of supervision.[2] Respondents must file documentation certifying that they have either provided Ms. Pena-Font with a bond hearing or released her from detention **within two days** after the hearing or her release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Ms. Pena-Font's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date:     6/15/2026

_SARAH EVANS BARKER, JUDGE_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

[2] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.

8